## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DHRUV PATEL,

*Plaintiff,*

-against-

FIRST ADVANTAGE BACKGROUND SERVICES CORP.,

*Defendant.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

By and through the undersigned counsel, Plaintiff Dhruv Patel ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## <u>Introduction</u>

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant First Advantage Background Services Corp. ("First Advantage" or the "CRA Defendant") to recover actual,

statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## **Jurisdiction and Venue**

2.  The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## **The Parties**

4.  Plaintiff is an individual and "consumer" within the meaning of the FCRA.

5.  Defendant First Advantage is a Georgia entity that conducts business in the State of Georgia, and is a "consumer reporting agency" within the meaning of the FCRA.

## **Plaintiff's Claims Against Defendant Pursuant to the Fair Credit Reporting Act**

6.  Plaintiff is a victim of a mixed file.[1]

7.  Plaintiff applied for, and was offered, a position at a company doing business as Insight Global ("Insight").

8.  Insight requested a copy of Plaintiff's background check report from First Advantage on or around April 16, 2025.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

9. On or around April 25, 2025, First Advantage published a background check report to Insight ("First Advantage Report").

10. The First Advantage Report falsely stated that Plaintiff had a criminal history in India ("False Criminal History"). This criminal record belonged to a different individual.

11. Plaintiff disputed the False Criminal History to First Advantage on April 28, 2025.

12. Upon information and belief, First Advantage verified the accuracy of the criminal charges on or around May 23, 2025 even though, had First Advantage performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information

13. Plaintiff was suspended from his position on or around May 23, 2025.

14. First Advantage's reporting to Insight defamed Plaintiff, thereby:

   a. Giving Insight the false impression that Plaintiff was a poor employment risk.

   b. Impugning Plaintiff's reputation and character.

   c. Causing Plaintiff to suffer substantial emotional distress as described herein.

### *Damages*

15. At all times pertinent hereto, the conduct of First Advantage and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

16. In the alternative, the conduct of First Advantage and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

17. First Advantage, as a direct and proximate result of its unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to one or more third parties.

18. First Advantage's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, difficulty sleeping, frustration, humiliation, apprehension about applying for employment, depression, lack of appetite, and instances of crying.

   b. Plaintiff was defamed by First Advantage, which published false

information about Plaintiff that damaged Plaintiff. Such defamation

further contributed to, among other things, Plaintiff's ongoing

emotional distress.

19. The damages Plaintiff suffered are cognizable actual damages under the Fair

Credit Reporting Act.

20. Because of Defendant's willful violations of the fair credit laws, Plaintiff is

entitled to an award of actual damages (or statutory damages), such punitive

damages as the Court may allow, and Plaintiff's costs and reasonable attorney's

fees.[2]

### CAUSE OF ACTION
### VIOLATIONS OF THE FCRA BY FIRST ADVANTAGE
### (CONSUMER REPORTING AGENCY)

*FCRA § 1681e(b)*

21. First Advantage violated FCRA § 1681e(b) by preparing and publishing one or

more inaccurate consumer reports about Plaintiff to one or more third parties

because First Advantage did not follow reasonable procedures to assure

maximum possible accuracy of information it reported about Plaintiff. Those

consumer reports, upon information and belief, contained inaccurate

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

information about Plaintiff, including but not necessarily limited to the False

Criminal History.

*FCRA § 1681i*

22. Upon information and belief, First Advantage violated FCRA § 1681i(a)(1) by

failing to conduct a reasonable reinvestigation of the False Criminal History

after Plaintiff disputed its accuracy to determine whether the False Criminal

History was accurately reporting.

23. Upon information and belief, First Advantage violated FCRA § 1681i(a)(4) by

failing to review and consider all relevant information communicated by

Plaintiff concerning Plaintiff's dispute of the False Criminal History.

24. Upon information and belief, First Advantage violated FCRA § 1681i(a)(5) by

failing to promptly delete the False Criminal History from its consumer files for

Plaintiff despite the fact that First Advantage, had it conducted a reasonable

reinvestigation of Plaintiff's dispute, could not have affirmatively verified that

the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and

equitable relief against Defendant:

25. Awarding against Defendant actual damages, statutory damages, punitive

damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n

and § 1681o.

26. Such other and further relief as may be necessary, just, and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Joseph P. McClelland*
Joseph P. McClelland
JOSEPH P. MCCLELLAND, LLC
Georgia Bar No: 483407
235 East Ponce de Leon Avenue,
Suite 215
Decatur, GA 30030
Telephone: (770) 775-0938
Fax: (470) 468-0070
Email: joseph@jacksonlaws.com
*ATTORNEY FOR PLAINTIFF*
